UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON BURNS-PERRY,

        Petitioner,

v.                                                  Case Number: 07-cv-12212
                                                  Honorable Marianne O. Battani

MILLICENT D. WARREN,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING PETITIONER'S "MOTION TO HOLD WRIT OF HABEAS PETITION IN ABEYANCE," AND (3) CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I.    Introduction**

Petitioner Brandon Burns-Perry, a Michigan prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for armed robbery and felony murder, which were imposed following a jury trial in the Oakland County, Michigan, Circuit Court. Petitioner was sentenced to life imprisonment. Petitioner is now requesting permission from this Court to return to the trial court to file his M.C.R. 6.500 motion, regarding newly discovered claims. For the reasons set forth below, the Court grants Petitioner's motion, stays the proceedings with conditions, and closes the case for administrative purposes.

**II.    Procedural History**

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions and sentences. *People v. Burns-Perry*, No. 254213, 2005 WL 2514257 (Mich.Ct.App. Oct. 11, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was also denied.

*People v. Burns-Perry*, 474 Mich. 1071; 711 N.W.2d 324 (2006).  Petitioner signed the instant habeas petition on April 26, 2007.  It was filed on May 21, 2007.

**III.    Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having reviewed Petitioner's pleading, the Court finds that it is appropriate to stay this case as requested.  A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005).  For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations.  *Id*. at 1533.  Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust

the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. The Michigan Supreme Court denied Petitioner's application for leave to appeal on February 27, 2006. Petitioner then had ninety (90) days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about May 31, 2006–ninety (90) days after the Michigan Supreme Court denied leave to appeal. Petitioner signed the instant petition on April 26, 2007, and it was filed by the Clerk's Office on May 21, 2007. Thus, he has approximately one month remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

**IV.    Conclusion**

For the reasons stated, the Court **GRANTS** Petitioner's request for a **STAY.** Petitioner may return to the trial court to fully exhaust his newly discovered claims. The stay is conditioned on Petitioner presenting his claims to the state courts within ninety (90) days of the filing date of this order – if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within thirty (30) days of exhausting

3

state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Finally, this case is **CLOSED** for Administrative Purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: July 21, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon all parties via electronic mail or ordinary U.S. Mail.

s/Bernadette M. Thebolt
Case Manager